UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MATTHEW SIMMONDS, ERICA SIMMONDS AND G. ALLEN NITSCHELM<br><br>*Plaintiffs*<br><br>v.<br><br>KEARSARGE LIGHTING PRECINCT,<br>*Defendant* | Case No. _____ |

## VERIFIED COMPLAINT

1.      The defendant, Kearsarge Lighting Precinct ("KLP") threatened to enforce—and is now enforcing—a zoning ordinance that prohibits all short-term rentals unless the rental property is occupied by its owner during the rental period. This ordinance is unconstitutional on its face: it discriminates against interstate commerce and citizens of other states in violation of the dormant Commerce Clause and the Privileges and Immunities Clause. The plaintiffs now bring this action under 42 U.S.C. § 1983 for declaratory and injunctive relief to stop KLP's enforcement of its unconstitutional ordinance.

## PARTIES

2.      Matthew and Erica Simmonds are natural persons and citizens of California. They own real property in KLP. They have rented and wish to continue renting that property on a short-term basis.

3.    G. Allen Nitschelm is a citizen of New Hampshire. He is the trustee of the Old Bartlett Road Family Trust, which owns real property in KLP. As trustee, Nitschelm has rented and wishes to continue renting the property on a short-term basis.

4.    KLP is a New Hampshire municipal corporation.

## JURISDICTION & VENUE

5.    The Court has subject matter jurisdiction. *See* 28 U.S.C. § 1331.

6.    Venue is proper in New Hampshire. *See* 28 U.S.C. § 1391(b)(2).

## FACTS

7.    KLP has an ordinance that provides, in relevant part:

All residential properties that offer, for any consideration, sleeping accommodations to transient occupants shall be owner-occupied and operated. Any person, or persons, renting sleeping accommodations for thirty (30) consecutive days or more shall not be considered transient occupants, and the residential property is not required to be owner-occupied and operated during any such rental period.

*Kearsarge Lighting Precinct, Zoning Ordinance*, art. V, §(B)(1)(d).

8.    The ordinance defines "owner-occupied" as follows:

For a dwelling to qualify as owner-occupied, an owner, or an adult family member of an owner, must be substantially present in a dwelling during the course of its rental, and this presence must include overnight stay in the dwelling for each night of transient occupant's stay.

*Kearsarge Lighting Precinct, Zoning Ordinance*, art. X.

9.    It also defines "owner-operated" as follows:

A business which is occupied and operated by the owner; an individual person or persons. Nothing shall prohibit incorporation of any designated facility hereunder provided the owners of more than 50% of the controlled stock of said corporation (or the persons controlling more

than 50% of the entity whether by trust or other fictional person) personally occupy the premises and serve the corporation of such facility.

*Kearsarge Lighting Precinct, Zoning Ordinance*, art. X.

10.    KLP sent a letter to Matthew and Erica Simmonds on June 17, 2025. This letter stated, in relevant part, that the plaintiffs were "in violation of Article V(B)(1)(d)" because they were renting their property "for less than thirty . . . consecutive days and no owner or adult family member of an owner is substantially present during the course of the rental." Exhibit 1. The letters also stated that KLP "intends to impose the civil penalty established by NH RSA 676:17, I, which provides that one who violates any local ordinance, code, or regulation 'shall be subject to a civil penalty of $275 for the first offense, and $550 for subsequent offenses, for each day that such violation is found to continue." *Id.*

11.    Pursuant to an agreement among the parties, KLP agreed to toll its enforcement efforts through August 8, 2025.

### COUNT I - DORMANT COMMERCE CLAUSE

12.    Section 1983 provides, that "[e]very person who, under color of statute, ordinance, regulation, custom or usage, of any State . . . subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

13.     The dormant Commerce Clause "prohibits the enforcement of state laws driven by economic protectionism—that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors." *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 369 (2023).

14.     The dormant Commerce Clause primarily "regulates effects, not motives." *Comptroller of the Treasury of Md. V. Wynne*, 575 U.S. 542, 561 n.4 (2015). The motive behind the enactment of a state law is not relevant to the inquiry; rather, the focus is "whether a challenged scheme is discriminatory in effect." *Am. Trucking Ass'ns, Inc. v. R.I. Tpk.*, 123 F.4th 27, 36 (1st Cir. 2024) (quotation omitted).

15.     KLP's ordinance facially violates the dormant Commerce Clause because it excludes all out-of-staters from KLP's short-term rental market by requiring owners to occupy the rental premises during all rental periods. In other words, it requires out-of-state property owners "to become residents in order to compete on equal terms" with New Hampshire residents. *Rosenblatt v. City of Santa Monica*, 940 F.3d 439, 451 n.5 (9th Cir. 2019) (quotation omitted). This is exactly the kind of regulation that the dormant Commerce Clause prohibits.

16.     Because KLP's ordinance discriminates against interstate commerce in violation of the dormant Commerce Clause, the Court should declare that that the ordinance is unconstitutional and enjoin KLP from enforcing it.

## COUNT II - PRIVILEGES AND IMMUNITIES CLAUSE

17.    The Privileges and Immunities Clause provides that "Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2, cl. 1. This clause "prevents a State from discriminating against citizens of other States in favor of its own." *Baldwin v. Fish & Game Comm'n*, 436 U.S. 371, 382 (1978).

18.    KLP's ordinance facially violates the Privileges and Immunities Clause because it treats citizens of other states differently than New Hampshire citizens solely on the basis of their foreign state citizenship. Specifically, it prohibits citizens of other states from renting their properties in KLP on a short-term basis, while allowing short-term rental for New Hampshire citizens.

19.    The ordinance violates the Privileges and Immunities Clause on its face because there is no set of circumstances under which the ordinance is valid. *Capen v. Campbell*, 134 F.4th 660, 669 (1st Cir. 2025).

20.    Alternatively, the ordinance is unconstitutional as applied to the Simmonds.

21.    Because KLP's ordinance discriminates against citizens of other states—based solely on their foreign citizenship—the Court should declare that the ordinance is unconstitutional and enjoin KLP from enforcing it.

WHEREFORE, the plaintiffs respectfully request that this Court:

    A.      Declare that KLP's ordinance is unconstitutional;

    B.      Preliminarily enjoin KLP from enforcing the ordinance;

    C.      Permanently enjoin KLP from enforcing the ordinance;

    D.      Award the plaintiffs their attorney's fees under 42 U.S.C. § 1988; and

    E.      Grant other such relief as is just and equitable.

Respectfully submitted,

MATTHEW SIMMONDS, ERICA SIMONDS, AND G. ALLEN NITSCHELM

By their attorneys,

DEVINE, MILLIMET & BRANCH, P.A.

Dated: August 8, 2025

By: /s/ Matthew R. Johnson
Matthew R. Johnson (Bar No. 13076)
Richard P. Driscoll (Bar No. 273678)
111 Amherst Street
Manchester, NH 03101
(603) 669-1000
mjohnson@devinemillimet.com
rdriscoll@devinemillimet.com

## VERIFICATION

I, Matthew Simmonds, am a plaintiff in the above-captioned matter. I declare under the pains and penalty of perjury that the facts stated in this complaint are true and correct to the best of my knowledge.

Dated: _8/7/2025_    _____
Matthew Simmonds

State of _____
County of _____

Matthew Simmonds appeared before the undersigned officer and made oath that the statement made by him are true to the best of his knowledge and belief.

Dated: _____    _____
Notary Public/Justice of the Peace

SEE ATTACHED
FOR OFFICIAL
ACKNOWLEDGMENT

# CALIFORNIA ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California }

County of San Diego }

On August 7, 2025 before me, Lisa Ghazarian, Notary Public ,
(Here insert name and title of the officer)

personally appeared Matthew D Simmonds ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Lisa Ghazarian_

Notary Public Signature                (Notary Public Seal)

**LISA GHAZARIAN**
COMM. #2523237
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
MY COMM. EXPIRES JUL. 13, 2029

---

## ADDITIONAL OPTIONAL INFORMATION

**DESCRIPTION OF THE ATTACHED DOCUMENT**

Verified complaint
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date 8/7/25

**CAPACITY CLAIMED BY THE SIGNER**
- ☑ Individual (s)
- ☐ Corporate Officer

_____
(Title)

- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

2015 Version www.NotaryClasses.com 800-873-9865

### INSTRUCTIONS FOR COMPLETING THIS FORM
*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
    - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
    - ❖ Indicate title or type of attached document, number of pages and date.
    - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

## VERIFICATION

I, G. Allen Nitschelm, am a plaintiff in the above-captioned matter. I declare under the pains and penalty of perjury that the facts stated in this complaint are true and correct to the best of my knowledge.

Dated: 8/7/2025

_____
G. Allen Nitschelm

State of New Hampshire
County of Strafford

G. Allen Nitschelm appeared before the undersigned officer and made oath that the statement made by him are true to the best of his knowledge and belief.

Dated: 8/7/2025

_____
Notary Public/Justice of the Peace

DEBORAH A CAPRON
NOTARY PUBLIC
State of New Hampshire
My Commission Expires February 22, 2028